UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RHONDA SCOOPMIRE WALLACE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2991** |
| **B.B. RAYBURN CORRECTIONAL CENTER, ET AL.** | **SECTION: D (4)** |

## ORDER AND REASONS

Before the Court is a 12(b)(6) Motion to Dismiss[1] filed by Defendants James M. LeBlanc, Warden Travis Day, Warden Lupir, Major Truly Dillon, and Captain Larry Weary. The Plaintiff, Rhonda Scoopmire Wallace, has not filed any opposition to the Motion.[2] After careful consideration of the Defendants' memorandum, the record, and the applicable law, the Court **GRANTS** the Defendants' Motion.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

The following facts are drawn from Plaintiff's Amended Complaint[3] and must be considered true for the purposes of this Motion. For over a decade, Plaintiff Rhonda Scoopmire Wallace ("Wallace"), a fifty-one-year-old African American woman, has worked as a correctional officer at the B.B. Rayburn Correctional Center ("B.B. Rayburn") in Angie, Louisiana.[4] Wallace alleges that her supervisor, Captain

---

[1] R. Doc. 14.
[2] Counsel for the Plaintiff moved to withdraw on January 4, 2024, more than one month after this Motion was filed. R. Doc. 27. On January 19, 2024, Plaintiff's counsel moved for leave to file a brief response to the Motion, explaining that the Plaintiff had instructed her counsel to "not file anything in [her] case." R. Doc. 29. The Court granted the Motion for Leave and filed the Memorandum into the record. R. Doc. 31. The Memorandum does not address the substance of Defendant's Motion to Dismiss. *See* R. Doc. 32.
[3] R. Doc. 4.
[4] *Id.* at ¶¶ 14–15.

Larry Weary ("Captain Weary"), made unwanted sexual contact with her on multiple occasions.[5]

First, on January 9, 2023, Wallace alleges that Captain Weary grabbed Wallace's breasts "under the pretext that he wanted her body camera on."[6] Wallace claims that Captain Weary continued to reach for her breasts despite her repeatedly telling him "no."[7] Wallace reported this incident to Major Truly Dillon and filed a grievance against Captain Weary.[8] Several days later on January 13, 2024, while the incident was being investigated, Captain Weary berated Wallace in front of her coworkers and the inmates.[9]

The second incident occurred on January 19, 2023, when Wallace received a call from Captain Weary to report to his unit because an inmate had thrown feces at Captain Weary.[10] Wallace was not assigned to Captain Weary's unit at this time.[11] While Wallace was standing near a desk, Captain Weary came up behind Wallace and "slapped her buttocks."[12] Captain Weary then walked past Wallace and "said something to the effect of 'my bad' and put his hands in the air, smiling."[13] Wallace immediately reported the incident to Warden Lupir and filed a grievance with Major Dillon and Warden Lupir.[14]

---

[5] *Id.* at p. 1.
[6] *Id.* at ¶ 21.
[7] *Id.*
[8] *Id.* at ¶¶ 22–23.
[9] *Id.* at ¶ 24.
[10] *Id.* at ¶ 27.
[11] *Id.*
[12] *Id.* at ¶ 28.
[13] *Id.*
[14] *Id.* at ¶¶ 29–30.

B.B. Rayburn investigated Wallace's claims and conducted a Level 3 hearing on January 19, 2024 at which time Wallace was asked questions about the incident by the officers in charge of the investigation.[15] Captain Weary was moved from the "A team" pending the results of the investigation.[16] At the conclusion of their investigation, the responsible officers found that Captain Weary's conduct was "inappropriate," but did not rise to the level of sexual harassment.[17]

Wallace also claims that she has been treated differently at B.B. Rayburn on account of her race.[18] Wallace alleges that on one occasion B.B. Rayburn terminated an employee who made an inappropriate verbal comment to a white, female coworker and on another occasion terminated another employee who inappropriately touched a different white, female coworker.[19] Wallace suggests that the same result did not happen with Captain Weary because Wallace is African American.

Wallace filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 16, 2023 alleging both sex and race discrimination by B.B. Rayburn.[20] The EEOC investigated her claims and issued Wallace a "Determination and Notice of Rights" along with a "Right to Sue" letter on May 4, 2023.[21] Wallace alleges that after the conclusion of the EEOC inquiry,

---

[15] *Id.* at ¶ 31.
[16] *Id.* at ¶ 32.
[17] *Id.* at ¶ 31.
[18] *Id.* at ¶ 40.
[19] *Id.* at ¶¶ 41–42.
[20] *Id.* at ¶ 11.
[21] *Id.* at ¶ 12.

Captain Weary moved back to the "A team" shift which prompted her and her husband, also a correctional officer at B.B. Rayburn, to switch to the "B team" shift.[22]

Wallace filed this lawsuit in this Court on August 1, 2023 bringing claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, for discrimination on the basis of sex and race against Defendant B.B. Rayburn Correctional Center.[23] The following day, Wallace filed an Amended Complaint in which she added as Defendants Secretary James M. LeBlanc, in his official capacity, Warden Travis Day, in his official capacity, Warden Lupir, in his individual and official capacity, Major Truly Dillon, in his individual and official capacity, and Captain Larry Weary, in his individual and official capacity.[24]

In the instant Motion to Dismiss, the individual Defendants move to dismiss Plaintiff's Title VII claims against them on the basis that Title VII only provides for relief against an employer and does not provide for liability against individuals regardless of whether they are sued in their individual or official capacity.[25] Because they are not subject to liability under Title VII, the individual Defendants argue, Plaintiff's claims against them must be dismissed.[26]

This matter was initially referred to a United States Magistrate Judge pursuant to Local Rule 73.2(C). Plaintiff moved to continue the original motion submission date of December 13, 2023 to January 23, 2024 which the Magistrate

---

[22] *Id.* at ¶¶ 37–38.
[23] R. Doc. 1.
[24] R. Doc. 4.
[25] R. Doc. 14.
[26] R. Doc. 14-1 at p. 6.

Judge granted.[27]  On December 13, 2023, this matter returned to the Court's docket due to lack of unanimous consent to proceed before the Magistrate Judge.[28]  On January 4, 2024, counsel for the Plaintiff moved to withdraw.[29]  The Court has not granted the Plaintiff's Motion to Withdraw Counsel as of the date of this Order.  Then, on January 19, 2024, counsel for the Plaintiff moved for leave to file a brief memorandum in response to the Motion to Dismiss in which counsel explained that they had been instructed by the Plaintiff to "not file anything in [her] case."[30]  Accordingly, the Motion to Dismiss is unopposed.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[31]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[32]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[33]  But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[34]  In ruling on a motion to

---

[27] *See* R. Doc. 17 & 18.
[28] R. Doc. 20.
[29] R. Doc. 27.
[30] *See* R. Doc. 29; R. Doc. 29-1.  The Court subsequently granted the Motion.  R. Doc. 31.
[31] Fed. R. Civ. P. 12(b)(6).
[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[33] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678) (quotation marks omitted).
[34] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).

dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[35] The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[36] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[37]

In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[38] The Court can also consider matters of public record and matters subject to judicial notice.[39]

## III.  ANALYSIS

### A.  Plaintiff's Title VII Claims Against the Individual Defendants Must Be Dismissed

Title VII protects employees from their employer's unlawful actions.[40] A Title VII employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ."[41] The Fifth Circuit has repeatedly held that there is no individual liability for

---

[35] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[36] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[37] *Cutrer v. McMillan*, 308 Fed. App. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).
[38] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed. Appx. 336, 340–41 (5th Cir. 2011).
[39] *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodaux, Inc.*, No. CIV.A. 10-4443, 2013 WL 1513406, at *3 (E.D. La. Apr. 11, 2013).
[40] *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011).
[41] 42 U.S.C. § 2000e(b).

employees under Title VII and that individual defendants cannot be held liable in their individual or official capacities.[42] Here, Plaintiff has sued a host of individual defendants in addition to her employer, B.B. Rayburn Correctional Center, including James M. LeBlanc, in his official capacity, Warden Travis Day, in his official capacity, Warden Lupir, in his individual and official capacity, Major Truly Dillon, in his individual and official capacity, and Captain Larry Weary, in his individual and official capacity.[43] Plaintiff's Amended Complaint fails to allege that any of these individuals are her employer. Further, Plaintiff has provided no argument as to how her Title VII claims against her fellow employees and supervisors are viable. While the Motion is unopposed, the Court, as appropriate, has considered the merits of the Defendants' argument before granting the Motion. Defendants have raised a meritorious legal argument for dismissal. Under binding Fifth Circuit precedent, those claims against the individual defendants must be dismissed with prejudice as they are not legally cognizable under Title VII. Plaintiff has failed to state a claim for relief that is plausible against the individual non-employer Defendants. Accordingly, the Court grants the Defendants' Motion to Dismiss.

**B.     Leave to Amend**

The Plaintiff has not requested leave to further amend her Amended Complaint should the Court grant the Defendants' Motion to Dismiss. While this

---

[42] *See, e.g., Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir. 2002) ("This circuit has held that there is no individual liability for employees under Title VII."); *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."); *Bellue v. Gautreaux*, 782 Fed. Appx. 350, 351 n.1 (5th Cir. 2019) ("Individuals are not subject to Title VII.").
[43] *See* R. Doc. 4 at ¶¶ 3–7.

Court will "freely give leave [to amend] when justice so requires,"[44] leave to amend "is by no means automatic."[45] In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[46] "I[t] is within the district court's discretion to deny a motion to amend if it is futile."[47] "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[48]

Neither party addressed these factors in their briefing. The Fifth Circuit has held that Rule 15(a) applies to express requests to amend a pleading and that "[a] formal motion is not always required, so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought."[49] The Fifth Circuit has further clarified that "a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* Fed. R. Civ. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a)."[50]

---

[44] Fed. R. Civ. P. 15(a).
[45] *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).
[46] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[47] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000).
[48] *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).
[49] *U.S. ex rel. Willard v. Human Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (*citing* Fed. R. Civ. P. 7(b)(1), 15(a); *Edwards v. Occidental Chemical Corp.*, 892 F.2d 1442, 1445–46 (9th Cir. 1990)).
[50] *Willard*, 336 F.3d at 387 (quoting *Confederal Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)).

Plaintiff has made no mention whatsoever of leave to further amend her Amended Complaint. Moreover, any amendment would be futile because none of the individual defendants may be liable under Title VII, for the reasons discussed above. Accordingly, the Court declines to grant leave for the Plaintiff to amend her Amended Complaint.

### IV. CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that the Defendants' 12(b)(6) Motion to Dismiss[51] is **GRANTED.**

**IT IS FURTHER ORDERED** that any and all claims asserted by the Plaintiff against Defendants James M. LeBlanc, in his official capacity, Warden Travis Day, in his official capacity, Warden Lupir, in his individual and official capacity, Major Truly Dillon, in his individual and official capacity, and Captain Larry Weary, in his individual and official capacity are **DISMISSED with prejudice**.

New Orleans, Louisiana, January 30, 2024.

*[signature: Wendy B Vitter]*
**WENDY B. VITTER**
**United States District Judge**

---

[51] R. Doc. 14.